**Paul MOORE, Plaintiff-Appellant,**

v.

**CITY OF PADUCAH; Mayor John Penrod; Joe Viterisi, Harold Ford, Robert Coleman, and Joe Flynn, Commissioners; Robert E. Green, Defendants-Appellees.**

**No. 84–5649.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 27, 1986.

Decided May 16, 1986.

James W. Owens (argued), Paducah, Ky., for plaintiff-appellant.

James W. Utter (argued), Paducah, Ky., for City of Paducah.

James W. Funk, Kimmell, Funk & Cummings, Vincennes, Ind., W. David Denton, Denton & Keuler, Paducah, Ky., for defendants-appellees.

Before JONES and WELLFORD, Circuit Judges, and GILMORE, District Judge.[*]

PER CURIAM.

Appellant, Paul Moore, filed suit on August 4, 1981, against the City of Paducah, its mayor, city commissioners, and a private individual, Robert Green. The suit was based upon 42 U.S.C. § 1985[1] and alleged that Green conspired with the others to have Moore discharged from his position as director and chief inspector of Paducah's Department of Building Construction and Code Enforcement so that Green, a developer, could evade compliance of local building codes. On September 14, 1981, the City filed a motion to dismiss the complaint claiming that Moore failed to set out a claim under § 1985, because Moore, a white male, was not a member of a class against which the appellees had discriminated. Green filed a similar motion to dismiss on September 21, 1981.

On September 28, 1981, Moore sought an extension of time to respond to these motions on the ground that the "extension is necessary for plaintiff's counsel to thoroughly research the issues in Defendant's memorandum...." The district court granted Moore's motion.

In the meantime, Moore filed a related action in state court, and the district judge stayed the federal proceedings pending the outcome of state court litigation. After successfully completing his state action, Moore moved to lift the stay on December 14, 1982. The appellees, defendants in the state court suit, objected because they intended to appeal the adverse state court decision. The district court declined to lift the stay pending appeal to the Kentucky appellate court.

No further significant federal proceedings occurred until June 1983, when Moore filed his second amended complaint to sue the mayor and city commissioners individually. This motion to amend was granted on June 23, 1983.[2] Moore filed no responsive pleadings addressing appellees' September 1981 motions to dismiss.

On December 5, 1983, a pretrial conference was held, and the district court entered an order allowing the parties forty-five days within which to submit briefs discussing their respective positions. Appellees filed their briefs, but Moore submitted a motion to file still another amended complaint[3] whereby he would substitute a § 1983 for the § 1985 claim.

---

[*] Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Appellants brought suit under (3) of 42 U.S.C. § 1985 which provides in pertinent part:
    (3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or proper-

ty, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

2. Moore had previously amended his complaint in order to accomplish service of process on Green.

3. Moore entitled the motion as an "amended complaint as 'matter of course.'" However, Moore had previously filed two other amendments, and this motion could only be construed as a motion for amended complaint by leave of court.

On February 28, 1984, the district court entered a memorandum and order denying Moore's motion to amend and found no excusable basis for Moore's delay in recognizing that § 1983 was the proper basis to claim wrongful action under the color of law. The trial judge then dismissed the § 1985 claim as a matter of law.

Subsequently, Moore sought reconsideration of the district court's decision pursuant to Fed.R.Civ.P. 59, and appellees filed responses. On June 22, 1984, the district court reaffirmed its decision, setting forth a more precise basis for denying Moore's motion to amend the complaint. Moore now appeals.

Federal Rule Civil Procedure 15(a) provides that leave to amend a pleading should be "freely given when justice so requires." Furthermore, the thrust of Rule 15 is to reinforce the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982). The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 392 (5th Cir.), *cert. denied*, ─── U.S. ───, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *See, e.g., Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Here the district judge gave his reasons and weighed the prejudice to appellees in respect to his ruling.

In denying Moore's motion to amend the complaint, the district judge reasoned that Moore's delay in amending his complaint to substitute the § 1983 action was unjustified because Moore's counsel knew, or clearly should have known, from the time appellees filed the motion to dismiss in 1981 that the stated § 1985 claim was im-

proper. Moore, however, persisted in this error after the federal action was reactivated in 1983. Since Moore gave no justifiable reason for the delay, the district court found that he had not met his burden of showing why the motion for a third proposed amendment should be granted. Focusing upon the prejudice inquiry, the district court acknowledged that the proposed amendment would only result in "relatively light" prejudice, adding:

In this light the question becomes whether an unjustified delay permits denying leave to amend, even though allowance of the amendment would result in little prejudice to the opposing party. The court concludes that the delay in this case does justify denying leave to amend. While a consideration of prejudice is required, a finding of prejudice is not an absolute requirement for denying leave to amend. *See Hayes*, 602 F.2d at 19. Thus, a court may decide a motion for leave to amend based upon the reason, or lack of a reason, for the delay.

The district court cited several cases upon which he relied in holding essentially that undue delay alone may be sufficient reason to deny a motion to amend a complaint when the movant fails to justify the delay.

Appellant contends that unjustified delay alone is not a sound basis upon which a district court can refuse to grant leave to amend. For a compilation of appellant's authority, see generally Annot., 4 A.L.R. Fed. 123–173 (1970 & Supp.1985); 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1488 at 435–445 (1971 & Supp.1985).

We must decide under these facts whether unjustified delay alone may be the basis for denial of relief even after a consideration of prejudice to the opponent reveals little prejudice. The district court cited numerous cases in support. However, many of these cases do not permit refusals to allow amendments solely for undue delay. In *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir. 1979), the First Circuit prefaced its holding:

While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, see *Mercantile Trust Company National Association v. Inland Marine Products,* 542 F.2d 1010, 1012 (8th Cir.1976); *Farkas v. Texas Instruments, Inc., supra,* 429 F.2d [849] at 851 [ (1st Cir.1970) ]; 3 J. Moore, Federal Practice, ¶ 15.08(4) at 15–102, it is clear that "undue delay" can be a basis for denial (citing *Foman v. Davis,* 371 U.S. at 182 [83 S.Ct. at 230] ).

*Hayes,* 602 F.2d at 19. However, the *Hayes* court did consider both the delay, which it referred to as considerable, and the prejudice to the opposing party, which it found to be "not insignificant." *Id.* at 20. The court also referred to the fact that discovery had already been completed and that the amended charge was "not contemplated by the original complaint." *Id.* at 20. We believe, moreover, the *Hayes* court found the prejudice involved to be, in effect, significant. The *Hayes* court cited in support, Professor Moore's treatise, which states: "delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." 3 Moore's Federal Practice, ¶ 15.08 at 15.76 (citing many cases, including *Lloyd v. United Liquors Corp.,* 203 F.2d 789 (6th Cir.1953)). Here, in contrast, the district judge described the prejudice as "little" or "relatively light" and found that the proposed amendment did not materially change the substance of the original complaint.

The district court's reliance upon *Head v. Timken Roller Bearing Co.,* 486 F.2d 870 (6th Cir.1973), is also misplaced because there it was held that "the court must weigh the cause shown for the delay against the resulting prejudice to the opposing party." *Id.* at 873. The *Head* court relied primarily upon *Nevels v. Ford Motor Co.,* 439 F.2d 251 (5th Cir.1971), in which the Fifth Circuit held that an amendment offered by defendant raising a new issue

on the eve of trial was obviously so prejudicial to the plaintiff that it was held no abuse of discretion to deny the amendment.[4] *Gibson v. Kroger Co.,* 506 F.2d 647 (7th Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975), also relied upon the district court, is inapposite. The plaintiff in *Gibson* filed no motion to amend in district court when his original Title VII complaint was determined to be time barred; he raised the question of possible jurisdiction under 42 U.S.C. § 1981 for the first time on appeal and this effort was fruitless. Nor do we find the district court's citation to *Goss v. Revlon, Inc.,* 548 F.2d 405 (2d Cir.1976), *cert. denied,* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977), as appropriate authority for denying an amendment in this case. The *Goss* court's mention that denial of plaintiff's motion to amend would not be an abuse of discretion was entirely dicta because the original complaint was held to be time barred, and the case was in any event remanded to the district court "for a determination of appellant's motion to amend." *Id.* at 407. *Goss,* however, made reference to our decision in *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974) as well as to *Head, supra.*

*Troxel* involved an effort to amend a complaint after an appeal and remand by this court as noted in 465 F.2d 1253 (6th Cir.1972). We stated in affirming the denial of the belated motion to amend:

> The prejudice to Schwinn is obvious.... Here Troxel proceeded under one theory through the Court of Appeals where it lost. Now it wants to repeat the whole cycle again.

*Troxel,* 489 F.2d at 971. The *Troxel* court, therefore, considered as important the obvious prejudice to the opposing party defend-

---

**4.** The district court also cited *Evans v. Syracuse City School District,* 704 F.2d 44 (2d Cir.1983) which involved circumstances not unlike those in *Nevels,* where the defendant at the last minute sought to amend and "undue prejudice" to the plaintiff was indicated.

ant if the amended complaint were allowed under the circumstances.[5]

Another case cited in support of denying the motion to amend based on inexcusable neglect by plaintiff or his counsel was *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097 (5th Cir.1979), *cert. denied*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). We believe this case supports the action taken by the district court, but it should be pointed out the original complaint there involved damages totalling $19 allegedly improperly charged by defendant in violation of the Truth in Lending Act. It was only after defendant moved for summary judgment that plaintiff in *Layfield* attempted to amend by adding two entirely different statutory claims, and the proposed amendment was denied. (One cannot help but wonder whether the picayune nature of the original complaint may have influenced the court in that action.) The *Layfield* court also observed that the amendment may have been denied on technical grounds, i.e., failure to observe a local court rule. We acknowledge also that *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983) may support the district court's ruling in that it does not specifically address prejudice, if any, to the opposing party in considering whether undue delay and lack of diligence would be a basis for denying an amendment.

We have noted that our cases, *Head* and *Troxel* require the district court to determine the degree of prejudice to the adversary before granting or denying an amendment. Unlike the district court, we find it extremely difficult to distinguish *Tefft v. Seward*, 689 F.2d 637 (6th Cir.1982) which dealt with this same issue. In *Tefft* the purported amendment, characterized as plaintiff's "belated" attempt to raise an

additional claim, was filed in response to defendant's motion for summary judgment.[6] Our court held that the denial of the amendment was an abuse of discretion, particularly where, as in that case, the newly asserted claim would be supported by facts set forth in the original claim. *Id.* at 639.

*Tefft* sets forth a basis for its decision:

The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *see* 3 Moore's Federal Practice ¶ 15.02[1] (1982), at p. 15–13. That principle provides guidance for appellate courts charged with determining whether a trial judge has abused his or her discretion in denying a requested amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and is especially important when, as here, denial of the amendment has resulted in dismissal of the action. *John M. Peters Construction Co. v. Marmar Corp.*, 329 F.2d 421 (6th Cir.1964).

\*　\*　\*　\*　\*　\*

The amended cause of action is not so different as to cause prejudice to the defendants, nor do we find the delay particularly "undue" considering the course of this case....[2]

[2] Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading, *Buder v. Merrill Lynch, Pierce, Fenner & Smith*, 644 F.2d 690 (8th Cir.1981); *Davis v. Piper Aircraft*, 615 F.2d 606 (4th Cir.1980); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973).

In *Buder*, the court states:

**5.** We also find inapposite to the issues in this case *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1161–62 (5th Cir.1979), *cert. denied, sub nom. Safeway Stores, Inc. v. Meat Price Investigators Association*, 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980), cited by the district court.

**6.** The amendment was proposed *four years* after the original complaint and after an appeal and remand. 689 F.2d 638–39.

The [district] court placed great reliance on the two and one-half year delay between the filing of the complaint and plaintiffs' request for leave to amend. However, it is well-settled that delay alone is not a sufficient reason for denying leave. *See Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir.1976). The delay must have resulted in prejudice to the party opposing the motion. *See Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537 (8th Cir.1977).

*Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). In *Davis* this language appears:

Only one of the reasons, the delay of four months [after plaintiff learned of the defect in his complaint], falls within the factors specifically mentioned in *Foman*. Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.

*Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980).

689 F.2d at 639–40 and at n. 2.

In light of the authority in this Circuit, particularly *Tefft*, indicating a requirement of at least some significant showing of prejudice to the opponent and manifesting liberality in allowing amendments to a complaint, we conclude that the denial of plaintiff's motion here to amend was an abuse of discretion. We take this action with some reluctance because we appreciate that a busy district judge must seek to move his cases along with a heavy docket facing him, and we are cautious in finding an abuse of discretion when the court found a lack of diligence on the part of counsel in asserting a viable cause of action. In view of the somewhat inconclusive nature of our prior holdings on the issue here involved, especially *Tefft*, we can understand the district court's difficulty in interpreting the law to be applied. Our decision would not preclude other sanctions or penalties upon the plaintiff, including a limitation of damages, if any, that may be shown to have accrued unnecessarily as a direct consequence of plaintiff's delay in asserting the § 1983 claim.

Our principal basis for this decision is that the rejection of the amendment would preclude plaintiff's opportunity to be heard on the merits on facts which are well known to the parties and which were pleaded at the outset although relief was erroneously sought under § 1985. Further, defendant has demonstrated what the district court itself characterized as only "relatively light prejudice."

We reverse and remand accordingly for further proceedings in accordance with this holding.