836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry LAMPLEY, Plaintiff-Appellee,
v.
William COX, Summit County Coroner, County of Summit, Ohio,
Defendants-Appellants.
 Nos. 86-3577, 86-3921.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Cox, the Summit County coroner, and the County of Summit appeal an order denying leave to add the defense of immunity in this section 1983 claim.
 
 
 2
 Larry Lampley, a black male, was employed as a pathologist assistant by the Summit County coroner. He was, along with several other employees, discharged on or about March 2, 1983, allegedly due to lack of funds. Lampley was not provided with a pre-termination hearing. Shortly after Lampley's discharge, a white man was hired to perform the duties previously performed by Lampley. When he inquired about the failure to reinstate him in his former position, Lampley was told that he had been terminated for poor work habits.
 
 
 3
 On December 5, 1983, Lampley filed a complaint alleging racial discrimination. The complaint was dismissed on summary judgment but subsequently reinstated by this court. By at least early 1986, it was clear that Lampley was advancing three claims. First, he claimed that his termination violated Title VII, 42 U.S.C. Sec. 2000e. Second, he claimed that his termination violated 42 U.S.C. Sec. 1981. Finally, he claimed that his termination was actionable under 42 U.S.C. Sec. 1983 because he was discharged without a pre-termination notice and hearing as required by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). On January 15, 1986, Lampley moved for summary judgment on the section 1983 claim. In its February 10, 1986 brief in opposition to Lampley's motion for summary judgment, the county conceded its liability on the Loudermill claim but argued that Lampley should be required to prove that he is entitled to more than nominal damages.
 
 
 4
 On April 29, 1986, the district court granted Lampley's motion for summary judgment on the county's liability under section 1983. Trial was set for June 16, 1986. On June 5, 1986, the county requested leave to amend its answer pursuant to Fed.R.Civ.P.Rule 15(a) to add the affirmative defense of official immunity. The district court denied this request, finding that the county offered no justification for its delay in pleading the defense of immunity and specifically finding that Lampley would "suffer substantial prejudice if the Court allows the amendment." On June 20, 1986, the jury found in favor of the county on the Title VII and section 1981 claims. The district court having previously granted partial summary judgment in favor of Lampley on Loudermill claim, the jury awarded Lampley $20,000 in compensatory damages under section 1983. The district court denied the county's subsequent motion for judgment notwithstanding the verdict.
 
 
 5
 The county argues that the district court erred in denying its motion for leave to file an amended answer to assert the qualified immunity defense. The county, noting that Lampley did not expressly plead the claim, alleges that it was not aware of the Loudermill claim until Lampley's January 15, 1986 motion for summary judgment. Moreover, the county changed attorneys on May 13, 1986. From Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986), the county argues that, because issues should be decided on their merits, there is a presumption in favor of granting leaves to amend pleadings. The county argues that Moore requires proof of substantial prejudice to the non-moving party to overcome this presumption; delay alone is not a sufficient reason for denying leave to amend a pleading.
 
 
 6
 Lampley points out that the county repeatedly conceded liability for the Loudermill claim. For instance, the county's brief in opposition to Lampley's January 15, 1986 motion to summary judgment says, "[E]ven though Defendants concede that Plaintiff is entitled to judgment with respect to liability on his procedural due process claim made pursuant to 42 U.S.C. Section 1983, at this point, Plaintiff is entitled to no more than nominal damages for such deprivation." Lampley argues that the county should not allowed to reverse its position on the eve of the trial.
 
 
 7
 Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be "freely given when justice so requires." "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." Moore v. City of Paducah, 790 F.2d at 559. Here, the district court found that the county offered "no good cause for the late attempt to amend the answer" and that Lampley would "suffer substantial prejudice if the Court allows the amendment." "While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, ... it is clear that 'undue delay' can be a basis for denial." Id. (citing Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19 (1st Cir.1979)) (citations omitted). The district court was entitled to consider both the delay and the prejudice to Lampley, which it found to be "substantial". Consequently, we hold that the district court did not abuse its discretion in denying the county's motion for leave to amend its answer.
 
 
 8
 The district court did, however, err in instructing the jury that the acts of an employee of the county may bind the county if the acts occur within the scope of the employee's official duties. As Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), makes clear, a governmental entity cannot be held liable under section 1983 on a respondeat superior theory. Because Lampley produced no evidence that he was deprived of a pre-termination hearing as a matter of official policy or custom, that part of the order entering judgment against the county must be set aside. Otherwise, we see no error in the jury instructions.
 
 
 9
 Accordingly, we affirm the judgment of the district court in favor of Lampley against Cox in his official capacity as coroner. Judgment against the County of Summit is reversed, and the complaint as to the county is dismissed.