865 F.2d 1267
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cornelius CRANDALL, Plaintiff-Appellant,
v.
Y.M.C.A. & Welty Building Corporation, Defendants-Appellees.
 No. 88-3012.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1989.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Cornelius Crandall ("Crandall"), appeals from the order of the district court granting summary judgment in favor of appellees on Crandall's action alleging claims under 29 U.S.C. Secs. 160 and 185, 42 U.S.C. Sec. 1983, and pendant state claims. Crandall also appeals the denial of his motion to file a second amended complaint. Upon review, we AFFIRM.
 
 
 2
 Crandall was employed by appellee Y.M.C.A. on February 26, 1973 as a janitor, and worked in that capacity until March 25, 1985. On the latter date, Crandall was assigned to operate a passenger elevator at the downtown Akron Y.M.C.A. building during its renovation. Appellee Welty Building Corporation ("Welty") was the general contractor for the renovation project. Welty was a signatory party to a collective bargaining agreement with Laborers' International Union of North America, AFL-CIO, Local No. 894 ("Local No. 894"). The Union rate for a construction laborer employed in positions similar to Crandall's was approximately fourteen dollars per hour; as an employee of Y.M.C.A., Crandall was paid the minimum wage, and it is this disparity which is at the heart of the dispute. Crandall's employment with Y.M.C.A. ended on May 30, 1986, whereupon he began working for the entity responsible for the management of the downtown Y.M.C.A. building.
 
 
 3
 Crandall filed his original complaint, which was referred to a magistrate, on September 3, 1986. On March 19, 1987, Welty filed its motion for summary judgment to which Crandall failed to respond before the magistrate filed his Interim Report and Recommendation. The magistrate summarized Crandall's claim as follows:
 
 
 4
 Plaintiff alleges that he worked as a janitor for the co-defendant, Y.M.C.A., for fourteen years until March 25, 1985 when he was "loaned out" to Welty. Plaintiff states that he worked from March 25, 1985 through April 23, 1986 as an "elevator operator" on the construction site of the new Y.M.C.A. This job required plaintiff to haul on the elevator construction steel beams, pipes, drywall and other material, which plaintiff contends made him a construction laborer. Plaintiff claims that he should have been paid approximately $14.00 per hour but that Welty only paid him minimum wage, and not the union rate for a construction laborer. Plaintiff contends thereby that an unfair labor practice under the National Labor Relations Act (29 U.S.C. Sec. 160) was committed:
 
 
 5
 a. By failing to provide plaintiff the prevailing rate of pay.
 
 
 6
 b. By intentionally breaching the Union Contract on rate of pay.
 
 
 7
 c. By intentionally defrauding plaintiff.
 
 
 8
 d. By refusing to pay plaintiff said rate once it was brought to their attention.
 
 
 9
 e. By denying plaintiff severance pay.
 
 
 10
 (Plaintiff's Complaint p 22).
 
 
 11
 Moreover, plaintiff contends that both defendants' actions abridged his civil rights under 42 U.S.C. Sec. 1983 because they acted under color of state law to deny plaintiff equal rights and equal pay; they used federal, state and local government funds to deny plaintiff equal pay; and they manipulated the payroll and otherwise stole from plaintiff.
 
 
 12
 Finally, plaintiff contends that defendants breached his employment contract, and intentionally inflicted emotional distress by defrauding plaintiff, by refusing to honor the personnel manual and union contract, and by refusing to pay plaintiff and allowing aforesaid "outrageous conduct."
 
 
 13
 Interim Report and Recommendation at 1-2. In addition, the Magistrate noted that "plaintiff's allegations would tend to constitute a prevailing wage claim under the Davis-Bacon Act (40 U.S.C. Sec. 276(a)) for which the Secretary of Labor sets wage rates for every construction contract in excess of $2,000.00 to which the United States or District of Columbia is a party." Interim Report and Recommendation at 3.
 
 
 14
 Discovery ended on March 1, 1987, and on May 20, 1987, the Magistrate filed his Interim Report and Recommendation, which concluded as follows:
 
 
 15
 After a thorough review of the pleadings, exhibits, and the law, this Magistrate respectfully recommends that Welty Building Corporation's motion for summary judgment seeking to dismiss the action by plaintiff on the alleged federal civil rights violations should be granted. Further, that Welty's motion for summary judgment should be treated as a Rule 12(b) motion to dismiss and granted for lack of subject matter jurisdiction over plaintiff's alleged federal labor law violations which are analogous to a Davis-Bacon Act claim, and that summary judgment on those remaining claims directly related to the union contract should be granted against plaintiff. Finally, this Magistrate respectfully recommends that the pendent state-law based claims against Welty should be dismissed for the reasons previously explained.
 
 
 16
 Interim Report and Recommendation at 10. On May 21, 1987, following the submission of Crandall's untimely response to Welty's motion for summary judgment, the Magistrate issued his Amended Interim Report and Recommendation in which he renewed his earlier recommendation.
 
 
 17
 Y.M.C.A. filed its motion for summary judgment on May 26, 1987, which, as noted by the Magistrate, "in essence parrot[ed] [Welty's] previous motion for summary judgment." Report and Recommendation of June 30, 1987 at 9. Crandall then filed a motion for leave to file an amended complaint on May 27, 1987, which sought to add a cause of action for race discrimination under 42 U.S.C. Sec. 1981 as well as additional claims under 42 U.S.C. Sec. 1985. On June 30, 1987, the Magistrate filed a Report and Recommendation which recommended that the district court deny Crandall's motion to file an amended complaint and that it grant Y.M.C.A.'s motion for summary judgment.
 
 
 18
 Following the issuance of this final Report and Recommendation, Crandall filed a motion for leave to file a second amended complaint. The disparity between the original and second amended complaint, and Crandall's attempt to remedy the jurisdictional failings which led the Magistrate to recommend that summary judgment be entered in favor of Welty and Y.M.C.A., was highlighted by the district court:
 
 
 19
 The initial complaint began with the following introduction:
 
 
 20
 1. The plaintiff files this action pursuant to the National Labor Relations Act alleging unfair labor practice under 29 U.S.C. 160 as amended and the Management Relations Act of 1947 under 29 U.S.C. 185, et seq.
 
 
 21
 2. Plaintiff also raises a pendent jurisdictional claim of breach of contract.
 
 
 22
 3. Plaintiff also raises a 42 U.S.C. 1983 claim.
 
 
 23
 The second amended complaint for which the plaintiff seeks leave to file begins with the following introduction:
 
 
 24
 1. Plaintiff seeks wages and benefits due him for his work on a federally funded construction project, while jointly employed by defendants Y.M.C.A. and Welty Building Corporation, under the collective bargaining agreement applicable to workers on that project, as well as severance pay due him under the personnel policies of defendant Y.M.C.A. These claims arise under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Section 185; under the Miller Act, 40 U.S.C. Section 270b; and under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 1132.
 
 
 25
 In its Opinion, the district court adopted the recommendations of the magistrate in all respects. The district court also denied Crandall's motion for leave to file a second amended complaint after the following discussion:
 
 
 26
 The decision in Foman v. Davis, 371 U.S. 178, 182 (1962) is instructive on the issue of whether plaintiff's motion pursuant to Rule 15(a) of the Civil Rules of Procedure should be granted:
 
 
 27
 Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paragraphs 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.
 
 
 28
 In opposing the motion to amend, the defendants point to the extensive work already done in contesting the initial claims, now abandoned, the fact that counsel for the Y.M.C.A. suggested to plaintiff's counsel prior to the filing of the initial suit that the claim regarding the plaintiff's severance pay was an ERISA claim and that any such suit would be premature if filed before the Plan Administrator acted upon the plaintiff's written request (see Appendix one attached hereto), that in any event the ERISA claim was without merit by virtue of the plaintiff's action in accepting another job (see Appendix two attached hereto), that there are no set of facts by which the plaintiff can state a valid claim under the Miller Act, i.e. 40 U.S.C. Sec. 270(b), that as to the Y.M.C.A. the plaintiff has no basis for a claim under Sec. 301, and finally that the plaintiff has failed to come forward with any excuse for the delay in framing his action in the mode set forth in the second amended complaint and that to grant the plaintiff leave to file the second amended complaint will subject the defendants to unwarranted expense.
 
 
 29
 The Court is aware of the principle that leave to file an amended complaint should as the rules require, be "freely given." On the other hand, the plaintiff should not be permitted leave to engage an adversary in litigation combat while a set of facts go in search of a theory to maintain an action. The Court is of the view that to permit the plaintiff to file the amended complaint at this juncture of the case would constitute undue prejudice to the defendants.
 
 
 30
 Slip Op. at 4-6.
 
 
 31
 We have reviewed the reports of the magistrate as well as the opinion of the district court. Concerning the allegations of the original complaint, we are satisfied, as was the district court, that the magistrate's thoughtful reports are dispositive. We therefore AFFIRM the grants of summary judgment in favor of Welty and Y.M.C.A.
 
 
 32
 We are likewise satisfied that the district court did not abuse its discretion in denying Crandall's motion for leave to file a second amended complaint. Although "it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint,' " Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987), quoting Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986), discovery in this matter closed four months before Crandall's second motion to amend. Cf. Janikowski v. Bendix Corp., 823 F.2d at 952 ("Although prejudice has been found in cases where the motion for leave to amend was filed after completion of discovery ... no such fact pattern is present here"). The admittedly liberal provisions of Rule 15(a) should not be taken as license to change horses in midstream despite defendant's justifiable reliance on a discovery cut-off date. Under the circumstances, the district court was justified in finding undue prejudice.
 
 
 33
 Accordingly, the judgment is AFFIRMED.