886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl JONES, Plaintiff-Appellant,
v.
Captain WALLACE; Inspector Phipps; Hearing Officer Kupier,
Defendants-Appellees.
 No. 89-1347.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Earl Jones, a Michigan state prisoner, appeals pro se the dismissal of his civil rights suit for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jones sued three employees of the Michigan Department of Corrections for compensatory and punitive damages and declaratory relief. His complaint alleged that defendants had filed a false disciplinary charge against him, and that the resulting finding of guilt caused him to be transferred to a higher security institution, and to be denied parole. Defendants moved to dismiss, arguing that Jones had an adequate state remedy in Mich.Comp.Laws Sec. 791.255, which provides for judicial review of findings of hearing officers. Jones filed a response in opposition, as well as a motion to amend his complaint to allege that defendants' actions were taken in retaliation for his threat to file a grievance against them. The district court granted defendants' motion to dismiss, and denied Jones leave to amend his complaint.
 
 
 3
 Upon consideration, we conclude that the district court abused its discretion in denying the motion to amend without considering the competing interests of the parties or the likelihood of prejudice to the defendants. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam). Plaintiff's amended complaint alleged that false charges were purposely filed against him in retaliation for his exercise of first amendment rights. As such, a substantive due process claim was stated. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Claims of substantive due process violations are not subject to dismissal under the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), relied on by the district court. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198 (6th Cir.1987).
 
 
 4
 Accordingly, the district court's judgment is hereby vacated and this case remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.