933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roland M. BENNETT, William E. Bennett, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF the ARMY, Defendant-Appellee.
 No. 90-1881.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1991.
 
 1
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 William and Roland Bennett, Michigan citizens, appeal pro se from the judgment for defendant in an action filed under the Freedom of Information Act, 5 U.S.C. Sec. 552, and the Privacy Act, 5 U.S.C. Sec. 552a, as well as from orders denying their motions for reconsideration and for an award of costs. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Appellants brought suit seeking to compel defendant to furnish certain information regarding Roland Bennett's military career, asking the district court to find that the information had been withheld in an arbitrary and capricious manner, and requesting an award of damages and costs under the Freedom of Information Act (FOIA). The complaint also alleged that defendant had violated the Privacy Act by posting the results of an army disciplinary hearing concerning Roland Bennett on the company bulletin board, and sought damages and costs for that violation. The district court ultimately granted defendant's motion for summary judgment, and denied plaintiffs' motions for reconsideration and for costs. On appeal, plaintiffs argue that the district court erred in not making a finding that defendant acted in an arbitrary and capricious manner, in not finding that defendant violated the Privacy Act by the posting of Roland Bennett's disciplinary hearing results, in not allowing Roland Bennett to amend the complaint to add a claim for further alleged Privacy Act violations, and in denying their motion for costs.
 
 
 4
 Upon consideration, it is concluded that summary judgment was properly granted to the defendant. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). A finding of arbitrary and capricious withholding under 5 U.S.C. Sec. 552(a)(4)(F) was not warranted in this case. The prerequisites for such a finding were not met in this case, as the court did not order the production of any records or award fees or costs. Moreover, even if these prerequisites were met, the language of the statute is not mandatory. Furthermore, the district court correctly found no violation of the Privacy Act. See Ash v. United States, 608 F.2d 178, 179-80 (5th Cir.), cert. denied, 445 U.S. 965 (1980). The district court did not abuse its discretion in denying Roland Bennett's motion to amend the complaint. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam). Finally, the motion for costs was properly denied, as there was no public benefit from the release of the information requested, plaintiffs had adequate personal motivation for the institution of the action, and no unreasonable withholding was proven. See American Commercial Barge Lines Co. v. NLRB, 758 F.2d 1109, 1111 (6th Cir.1985). Accordingly, the district court's orders are affirmed in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation