19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oliver William DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-6263, 93-6265.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: NELSON and SILER, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 Oliver William Davis, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence under 28 U.S.C. Sec. 2255 in Case No. 93-6263, and the denial of his motion to amend his complaint in Case No. 93-6265. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Davis was convicted following a jury trial of two counts of possession of a firearm by a convicted felon and was sentenced pursuant to 18 U.S.C. Sec. 924(e)(1) to fifteen years of imprisonment on each count, to run concurrently. His conviction was affirmed on direct appeal to this court, and three previous motions to vacate or for a new trial were denied by the district court, one of which was appealed to this court and affirmed. In the instant motion, Davis argued that the prior convictions relied on to enhance his sentence pursuant to Sec. 924(e)(1) were not "serious drug offenses" as defined in the statute, and that two of the three convictions relied on should have counted as one conviction because they were part of a single criminal episode. The district court rejected these arguments both on the merits and because the failure to raise them previously constituted an abuse of the writ. The district court also denied a pleading which it construed as a motion to amend the complaint to raise a claim of ineffective assistance of counsel. Davis filed separate notices of appeal from these two orders, which were consolidated for briefing. On appeal, Davis argues that the district court erred in denying his motion to vacate sentence without holding an evidentiary hearing and in denying his motion to amend his complaint. He also reasserts the merits of his claims and argues that his pro se status should excuse his abuse of the writ.
 
 
 4
 Upon review, we conclude that this motion was properly denied without a hearing, as the record shows conclusively that Davis is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). The prior convictions relied on here to enhance the sentence imposed were "serious drug offenses" as defined in 18 U.S.C. Sec. 924(e)(1), as each carried a potential maximum sentence of more than ten years. All of the convictions relied on were also committed on occasions different from one another and therefore were properly relied on to enhance the sentence. See United States v. Roach, 958 F.2d 679, 683-84 (6th Cir.), cert. denied, 113 S.Ct. 135 (1992). Moreover, the district court also correctly noted that abuse of the writ was an alternate basis for rejecting this motion, as inexcusable neglect does not constitute cause for failure to raise these issues previously. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991).
 
 
 5
 We also conclude that the district court did not abuse its discretion in denying what it construed as a motion to amend the complaint. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986). The pleading which the district court referenced raised the claim that Davis had received ineffective assistance of counsel because his attorney had not raised these issues at trial or on appeal. As the district court had found the issues raised meritless, failure of counsel to raise them could not be considered ineffective assistance. Moreover, this issue could also have been raised in one of the previous collateral attacks filed by Davis, and therefore constituted an abuse of the writ for which Davis has not established cause or prejudice. See McCleskey, 111 S.Ct. at 1470.
 
 
 6
 Davis also appears to argue that the district court should have addressed other issues which he raised in his "response" to the government's answer in this case. Review of the issues raised in that pleading shows that they are also meritless and constitute yet another abuse of the writ.
 
 
 7
 Accordingly, the district court's orders denying this motion to vacate sentence and denying the motion to amend the complaint are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation