41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tulinagwe THANDIWE a/k/a Emmanuel Mitchell, Plaintiff-Appellant,
v.
Jack MORGAN, Warden; James Vandever, Associate Warden;
William Chambers, Captain; Denning, Corporal; Kevin
Hensley, Correction Officer; Watts, Correction Officer;
Jairus Johnson; David Hindman, Defendants-Appellees.
 No. 94-5382.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Tulinagwe Thandiwe, also known as Emmanuel Mitchell, a Tennessee state prisoner, requests the appointment of counsel and appeals the judgment for defendants on a jury verdict in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive, and monetary relief, Thandiwe filed this action against several employees of the Tennessee Department of Corrections, alleging that they had participated in or authorized his unprovoked beating and placement in an unsanitary cell on July 5, 1988, in violation of the Eighth Amendment. The case proceeded to a jury trial. The district court directed a verdict in favor of one of the defendants. The jury found in favor of five of the defendants. The district court denied Thandiwe's motion for default judgment against another defendant, and granted the final defendant's motion for summary judgment. Thandiwe filed a timely motion for new trial, which was also denied. On appeal, he argues that the district court erred in failing to include one of his jury instructions, denying his motion to amend his complaint to name additional defendants, admitting prejudicial evidence, denying his motion for a new trial on the ground that the verdict was against the weight of the evidence and on the ground that the jury venire was not representative of the community, and finally, in failing to enter a default judgment against two defendants who did not appear for trial.
 
 
 4
 Upon review, we conclude that none of the issues raised has merit. Thandiwe failed to object to the jury instruction before the jury retired, thus waiving his right to assign error to the instructions. See Fed.R.Civ.P. 51. The denial of the motion to amend the complaint to name additional defendants was not an abuse of discretion, see Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam), as the statute of limitations had run and the amendment would not have related back to the filing of the original complaint. Nor do we find any abuse of discretion in the district court's evidentiary rulings. See Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1575 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 5
 A motion for a new trial based on the weight of the evidence should be denied if the verdict is one which could reasonably have been reached; it may not be granted because different conclusions could have been drawn or because other results may have been more reasonable. United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993). Thandiwe concedes that the defendants presented testimony in support of their version of the incident in question and only argues that the evidence he presented outweighed that of the defendants. However, witness credibility is solely within the jury's province. Id. Accordingly, we can find no abuse of discretion in the denial of the motion for a new trial on this ground. Id.
 
 
 6
 Thandiwe's allegation that the jury venire was not representative of the community did not state a constitutional violation, as he did not attempt to show that the alleged underrepresentation was inherent in the procedure employed to select venirepersons. See Duren v. Missouri, 439 U.S. 357, 364, 366 (1979). Finally, the district court did not err in failing to enter a default judgment against two of the defendants, as they were alleged only to have participated in or condoned the same acts performed by the other defendants, whom the jury determined had not violated Thandiwe's rights. A verdict against these defendants would have been inconsistent with the jury verdict and the law of the case.
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation