**John RUSCHEL, individually and on behalf of all others similarly situated Plaintiff–Appellant,**

v.

**NESTLÉ HOLDINGS, INC., Defendant–Appellee.**

No. 02–4251.

United States Court of Appeals, Sixth Circuit.

Feb. 23, 2004.

Brian Ruschel, Cleveland, OH, for Plaintiff–Appellant.

Kathleen B. Burke, Jeffrey W. Saks, Jones Day, Cleveland, OH, for Defendant–Appellee.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Plaintiff–Appellant John Ruschel appeals the district court's order of September 30, 2002, granting him leave to amend his complaint on the condition that he pay a portion of Defendant–Appellee Nestlé's attorneys' fees. The district court imposed this condition to mitigate the prejudice to Nestlé caused by Ruschel's repeated attempts to avoid confronting the merits of his action. Ruschel also appeals the district court's follow-up order of October 22, 2002, directing him to pay Nestlé $5,000 in attorneys' fees.

Because it was within the district court's discretion to impose this condition on Ruschel's leave to amend his complaint, we affirm the district court's orders.

## I. BACKGROUND

The dilatory nature of Ruschel's litigation tactics is clear from the record. Ruschel initially filed suit in state court against Nestlé alleging that it breached a merger agreement related to its December 2001 merger with Ralston Purina Company. After Nestlé moved to dismiss the complaint, Ruschel sought and was granted leave to file an amended complaint, which Nestlé also moved to dismiss. Rather than oppose Nestlé's motion to dismiss the complaint. Ruschel voluntarily dismissed the action from state court. He next turned to federal court and filed a putative class action complaint in the United States District Court for the Northern District of Ohio. Ruschel re-alleged the breach of contract claim that he initially raised in state court and also alleged a violation of the Securities and Exchange Act.

Prior to Nestlé's submission of any responsive pleading, Ruschel amended his

complaint pursuant to Federal Rule of Civil Procedure 15(a), which permits a plaintiff to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Nestlé moved to dismiss that complaint ("the first amended complaint"). On September 5, 2002, Ruschel sought leave to file a second amended complaint in order to add a claim alleging a violation of Rule 10b–5, 17 C.F.R. § 240.10b–5. On that same day, and before the district court ruled on his motion to file a second amended complaint, Ruschel moved for an unspecified extension of time to respond to Nestlé's motion to dismiss. Ruschel also asked the district court to permit him to respond first to the federal claim only, such that he would address the state law claim only if the court denied Nestlé's motion to dismiss the federal claim. Ruschel's motion stated that his "counsel is still researching state law issues. He will need at least three months to finish researching this claim and draft a final brief."

On September 17, 2002, Ruschel moved to withdraw his motion for leave to file a second amended complaint. But on September 18, 2002, instead of granting Ruschel's motion to withdraw, the district court denied Ruschel's motion to file a second amended complaint, finding the amendment futile because Ruschel failed to allege critical elements of a § 10(b)/Rule 10–b5 violation. The district court also entered marginal orders denying Ruschel's motion for a bifurcated briefing schedule but granting Ruschel's motion for an extension of time to respond to Nestlé's motion to dismiss the first amended complaint.

Ruschel then launched another series of unconventional and dilatory filings designed to terminate his action without prejudice. On September 18, 2002, he filed a notice titled "Dismissal of Securities Violation claim only." On that same date, he moved for leave to amend his complaint to delete the securities violation claim to the extent that the district court "determines for any reason that Plaintiff's dismissal of those claims was not effective." Finally, on that date, Ruschel filed a notice titled, "Suggestion of lack of jurisdiction," asking the district court to dismiss the remaining state law contract claim without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), in the event that the court dismissed the federal securities claim. The reason for Ruschel's filings is clear—he sought to avoid the district court's ruling on the merits of Nestlé's motion to dismiss so that he could withdraw his only federal claim and compel the district court to dismiss his action for lack of jurisdiction, thereby permitting him to return to federal or state court at a later date.

Having already filed a motion to dismiss the first amended complaint, Nestlé opposed Ruschel's motion to amend his complaint for a second time, which would have the effect of deleting the only federal cause of action (and thereby lead to dismissal of the case, yet again, without having the merits of Nestlé's motion addressed). Nestlé asked the district court to condition the grant of leave to amend—which would trigger dismissal of Ruschel's action—on Ruschel's paying a portion of Nestlé's attorneys' fees.

Ruschel's dilatory and peculiar pleadings persisted. Prior to the district court ruling on Ruschel's motion for leave to amend his complaint to remove the federal cause of action, Ruschel unilaterally filed an amended complaint asserting only the state law contract claim. After the district court issued an order four days later, on September 30, 2002, granting Ruschel leave to amend but conditioning it upon his paying a portion of Nestlé's attorneys'

fees, Ruschel again filed his amended complaint pleading only the state law contract claim.

In its order of September 30, 2002, the district court granted Ruschel leave to amend his complaint to remove the federal claim, *conditioning the leave upon Ruschel's paying a portion of Nestlé's attorneys' fees incurred in preparing its motion to dismiss*, which was rendered moot by Ruschel's amending his complaint for a second time. The district court also dismissed the remaining state law claim without prejudice. Cumulatively, the effect of the September 30 order was the dismissal of Ruschel's action from the district court. The district court justified its conditioning Ruschel's leave to amend on his paying a portion of Nestlé's attorneys' fees based on what the district court called Ruschel's "continuous course of conduct" and "obvious intentions" to "avoid confronting the merits of his action."

As instructed by the district court, Nestlé submitted substantiation of the attorneys' fees that it incurred in filing its motion to dismiss Ruschel's first amended complaint. Although Nestlé sought $11,065.61 in fees, in an order dated October 22, 2002, the district court awarded it $5,000. The court indicated that it was "not questioning the integrity of the affidavit substantiating defendant's attorneys' fees." but was simply exercising its discretion to award a lesser amount. The district court also reiterated that it directed Ruschel to pay a portion of Nestlé's attorneys' fees "to deter plaintiff's continuous course of conduct of avoiding confronting the merits of his action."

Ruschel now appeals (1) the order of September 30, 2002, granting him leave to amend his complaint on the condition that he pay a portion of Nestlé's attorneys' fees

and (2) the order of October 22, 2002, awarding Nestlé $5,000 in attorneys' fees.

## II. DISCUSSION

Ruschel challenges the district court's authority to impose conditions on leave to amend pursuant to Federal Rule of Civil Procedure 15(a). The decision to grant or deny a plaintiff leave to amend his complaint pursuant to Rule 15(a) "is committed to the district court's sound discretion." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986). A district court abuses its discretion when it "fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id; see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend in cases of bad faith, dilatory motive, or undue prejudice to the opposing party. *Foman,* 371 U.S. at 182; *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1129 (6th Cir.1990).

To avoid prejudice to the opposing party, courts are permitted to balance opposing parties' interests by imposing conditions on the applicant's leave to amend. *See Local 783 Allied Indus. Workers of Am. v. Gen. Elec. Co.,* 471 F.2d 751, 756 (6th Cir.1973). Requiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings rendered moot by the amendment are conditions district courts may impose to mitigate the prejudice caused to the opposing party by the amendment.

The district court did not abuse its discretion in this case. The record amply supports the district court's conclusion that Ruschel "engaged in a continuous course of conduct to avoid confronting the

merits of his action." Nestlé filed two motions to dismiss the complaints in the state court action and filed another motion to dismiss the first amended complaint in the federal court action. In each instance, Nestlé was prepared to have the court decide its motion on the merits. At every turn, however, Ruschel filed motions designed to forestall a dismissal of his claims on the merits. We find that Nestlé was prejudiced by being forced to prepare responsive pleadings that were repeatedly rendered moot by Ruschel's machinations. Moreover, Nestlé faces the distinct possibility of Ruschel re-filing in state or federal court, compelling Nestlé to defend the same action for a third time.

■ Ruschel also argues that his first amended complaint was not "a real amended complaint" because he corrected only typographical errors. In correcting typographical errors, Ruschel contends that he did not exercise his right to amend his pleading "once as a matter of course," pursuant to Rule 15(a), and that his attempt to amend his complaint to remove his federal securities claim was therefore his first amendment of right, for which he was not required to seek leave of the court. Ruschel cites to no authority for the proposition that amending his complaint to correct typographical errors does not constitute his first amendment "as a matter of course" pursuant to Rule 15(a). In any event, the record makes clear that by amending his complaint to correct typographical errors, Ruschel understood that he was exercising his right to amend once as a matter of course. The record reveals that Ruschel filed two subsequent motions seeking leave to file additional amended complaints. Moreover, Ruschel never contended below that he was not required to seek leave to amend on grounds that his

first amended complaint was not a "real amended complaint," and this Court will not consider arguments raised for the first time on appeal "unless our failure to consider this issue will result in a plain miscarriage of justice." *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir.2002) (quotations omitted). None of the circumstances that justify abandoning this rule exist here.

Ruschel also contends that, because neither the district court nor Nestlé struck or moved to strike his unilaterally-filed second amended complaint of September 26, 2002, the September 30, 2002 district court order and its conditions do not bind him. But Rule 15(a) makes clear that amendments to pleadings following the first amendment of right may only be made with the court's permission. Ruschel's failure to seek leave to amend, therefore, demonstrated a flagrant disregard for the Federal Rules of Civil Procedure.

## III. CONCLUSION

Accordingly, for the preceding reasons, we conclude that the district court did not abuse its discretion by conditioning leave to amend on Ruschel's paying a portion of Nestlé's attorneys' fees. The orders dated September 30, 2002 and October 22, 2002 are, therefore, affirmed.