COOK, Circuit Judge,
dissenting.
Because I conclude that the district court did not abuse its discretion in (1) determining that $250 was a reasonable hourly rate for the Geier plaintiffs’ counsel, and (2) refusing to apply an upward adjustment to the lodestar amount, I respectfully dissent from parts II.B and II.C of the majority’s opinion.
A. The Reasonable Hourly Rate
As the majority notes, a district court must provide a “concise but clear explanation of its reasons for the fee award.” Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A district court abuses its discretion when it “relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.” Adcock-Ladd v. Sec’y of Treasury, 227 F.3d 343, 349 (6th Cir.2000) (citation omitted). This court may also find an abuse of discretion “when [we are] firmly convinced that a mistake has been made.” Id. at 349 (citation omitted).
In determining the reasonable hourly rate for the Geier plaintiffs’ counsel, the district court did not rely on clearly erroneous findings of fact, improperly apply the law, or use an erroneous legal standard. Instead, the district court used the “prevailing market rates in the relevant community” to set the reasonable hourly rate, surveying the hourly rates awarded to highly experienced counsel in civil rights and class action cases in Tennessee. *797 Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (holding that “ ‘reasonable fees’ under § 1988 are to be calculated according to the prevailing market rates in the relevant community”). Although the district court did not expressly reject the Geier plaintiffs’ arguments supporting their request for a $400 hourly rate, the district court’s opinion reflects its rejection of the figure as exceeding the prevailing market rate in the relevant community. Geier v. Sundquist, 227 F.Supp.2d 881, 886 (M.D.Tenn.2002) (“This Court therefore finds that the prevailing market rate that lawyers of comparable skill and experience can reasonably expect to command within the Middle District of Tennessee for this type of work is $250 per hour.”).
Citing Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986), the majority infers an abuse of discretion from the absence of explicit commentary in the district court’s opinion about the competing arguments of the Geier plaintiffs. The Moore court, however, defined abuse of discretion in the context of a district court’s ruling on a motion to amend the pleadings, and since that decision, this court has cited the Moore definition only in that context. This court has not previously held that a district court, having determined a reasonable hourly fee using evidence of the prevailing market rate in the relevant community, abused its discretion in failing to explicitly discuss the arguments of one of the parties, and we should not do so here.
I conclude that under the highly deferential standard this court applies in reviewing statutory fee awards, the district court’s determination that $250 constitutes the reasonable hourly rate for the Geier plaintiffs’ counsel was not an abuse of discretion. Although discussing the Geier plaintiffs’ arguments in favor of a $400 hourly rate may have further clarified the district court’s decision, the lack of such a discussion does not leave me “firmly convinced that a mistake has been made.” Adcock-Ladd, 227 F.3d at 349.
B. The Johnson Factors
The majority concludes that the district court misstated the Supreme Court’s holding in Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), concerning a district court’s assessment of the Johnson factor of “risk” when considering an upward adjustment. Geier, 227 F.Supp.2d at 887 (“[t]he one factor in Johnson that the Supreme Court felt may be still available is that of ‘risk’ ”). I respectfully disagree, however, because when taken in context, the district court’s opinion reflects an understanding of the Supreme Court’s view in Delaware Valley regarding risk analysis. Delaware Valley, 478 U.S. at 568, 106 S.Ct. 3088 (leaving unresolved “the question of upward adjustment, by way of multipliers or enhancement of the lodestar, based on the likelihood of success, or to put it another way, the risk of loss”). The district court, in an extended quote from Delaware Valley, acknowledged that a court’s determination of the reasonable hourly rate most likely already accounts for most, if not all, of the Johnson factors, with risk as the factor remaining to be considered at the upward-adjustment stage of the lodestar analysis.
The district court’s opinion details its reason for denying an enhancement of the lodestar amount. Judge Wiseman evaluated the risk here to be insufficient to warrant an upward adjustment because the period for which the Geier plaintiffs’ counsel sought fees encompassed only “monitoring for compliance,” with an occasional “flurry of activity.” “Generally, the trial judge’s exercise of discretion in statutory fee award cases is entitled to substantial *798 deference, especially when the rationale for the award was predominantly fact-driven.” Adcock-Ladd, 227 F.3d at 349.
Given the substantial deference this court accords a district court’s fee award when the district court provides a non-erroneous legal and factual basis for its decision, I would affirm the fee award here. Because the majority does not, I respectfully dissent.