52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
John JABE, et al., Defendants-Appellees.
 Nos. 94-1169, 94-2171.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; KEITH and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Lewis Williams, a Michigan pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. (Case No. 94-1169). Williams has also filed an appeal of the district court's order awarding the defendants costs after the court's dismissal of Williams's civil rights action. (Case No. 94-2171). These cases have been consolidated on appeal. These cases have also been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Williams sued officials and corrections officers of the Michigan Department of Corrections (MDOC) in their individual capacities. Williams alleged that the defendants violated his procedural and substantive due process rights and his right of access to the courts in retaliation for filing grievances and lawsuits against MDOC employees (specifically defendant Avery) on his own behalf and on behalf of other inmates. He also alleged that the defendants violated his equal protection rights. Williams also filed a motion to amend his complaint in order to allege that the defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO).
 
 
 3
 In three separate reports, a magistrate judge recommended dismissing the case against all the defendants. The district court dismissed defendant Winsor from the lawsuit because defendant Winsor was not properly served with the complaint and Williams failed to show good cause for his failure to perfect service on this defendant. The district court granted summary judgment as to all the remaining defendants finding that the defendants did not violate Williams's procedural or substantive due process rights or his right of access to the courts. The court denied Williams's motion to file an amended complaint in order to add his RICO claim.
 
 
 4
 The defendants then filed a motion to tax costs against Williams in the total amount of $184.75. A magistrate judge recommended granting costs to the defendants, but for a lower amount of money than requested. Upon de novo review in light of Williams's objections, the district court granted the defendants costs in the total amount of $88.50.
 
 
 5
 Williams has appealed both the district court's dismissal of his Sec. 1983 lawsuit and the district court's order granting defendants costs. Williams's pro se briefs are construed as arguing those claims which he raised in the district court. However, Williams made no argument as to the district court's dismissal of defendant Winsor from his civil rights action. Williams also argues that the defendants violated RICO. Williams requests oral argument. The defendants have filed a motion to limit the appeal in Case No. 94-1169.
 
 
 6
 Initially, we note that, on appeal, Williams failed to argue that the district court erred by dismissing defendant Winsor from his civil rights action. Because Williams did not raise this claim on appeal, it is considered abandoned and we, therefore, decline to review this claim. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). In addition, the district court did not abuse its discretion in denying Williams's motion to amend his complaint in order to add his RICO claim because this claim is frivolous. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam).
 
 
 7
 With regard to Williams's civil rights action, we note that the defendants argue the only issue properly before the court on appeal is the district court's January 26, 1994, order granting defendant Lafler summary judgment. However, an appeal from a final judgment draws into question all prior nonfinal rulings and order. See Taylor v. United States, 848 F.2d 715, 717-18 (6th Cir.1988). A review of Williams's notice of appeal in Case No. 94-1169 demonstrates that he intended to appeal all of the district court's prior rulings and opinions, not just the January 26, 1994, judgment pertaining to defendant Lafler. Thus, the court will review all three of the district court's orders dismissing Williams's civil rights action.
 
 
 8
 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The district court properly granted summary judgment in favor of the defendants on Williams's procedural due process claim because he did not allege that his state court remedies were inadequate to redress the wrong. Zinermon v. Burch, 494 U.S. 113, 136-39 (1990); Hudson v. Palmer, 468 U.S. 517, 531-34 (1984). The defendants did not violate Williams's First Amendment right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Knop v. Johnson, 977 F.2d 996, 999 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). Williams has not shown that he has suffered prejudice in any lawsuit that he has pursued on behalf of himself or any other inmate as their legal representative. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 9
 The district court also properly granted summary judgment to the defendants on Williams's substantive due process claim. Government officials may not retaliate against persons who have participated in constitutionally protected conduct, see, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977), nor interfere with a prisoner's fundamental right of access to the courts. Bounds, 430 U.S. at 824-25. Williams has not shown that the defendants' conduct constitutes an egregious abuse of governmental power or that such action otherwise shocks the conscience. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 10
 As to Williams's claim that the defendants violated his equal protection rights, his conclusory statements are insufficient to state a claim under 42 U.S.C. Sec. 1983. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988).
 
 
 11
 In addition, the district court did not abuse its discretion in awarding the defendants costs in the total amount of $88.50. Aside from Williams's allegation that he cannot pay the costs, he has failed to meet his burden of proving indigency. See Weaver v. Toombs, 948 F.2d 1004, 1014 (6th Cir.1991). The defendants do not dispute the district court's downward adjustment in the total amount of costs awarded. Furthermore, the district court's order awarding costs sets forth a payment plan which takes into account Williams's ability to pay the costs.
 
 
 12
 Accordingly, we deny defendants' motion to limit the appeal and deny Williams's request for oral argument. We affirm the district court's judgment dismissing Williams's Sec. 1983 lawsuit and its judgment awarding defendants' motion for costs in the total amount of $88.50. Rule 9(b)(3), Rules of the Sixth Circuit.