195 F.3d 828 (6th Cir. 1999)
 Rebecca K. Duggins, Plaintiff-Appellant/Cross-Appellee,
Morganroth & Morganroth; Steven Schiller; James R. Estep, Attorneys-Appellees (98-4289),
v.
Steak 'N Shake, Inc., Defendant-Appellee/Cross-Appellant,
 Consolidated Products, Inc., Defendant-Appellant (98-4289).
 Nos. 98-4159, 98-4289
 UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
 Argued: September 23, 1999
Decided and Filed: November 8, 1999
 
 Appeal from the United States District Court for the Southern District of Ohio at Cincinnati; No. 97-00374--Sandra S. Beckwith, District Judge.[Copyrighted Material Omitted]
 Steven L. Schiller, Newport, Kentucky, for Plaintiff-Appellant/Cross-Appellee.
 Mayer Morganroth, MORGANROTH & MORGANROTH, Southfield, Michigan, for Appellees.
 James R. Estep, Union, Kentucky, for Appellee Pro Se.
 Steven L. Schiller, Newport, Kentucky, for Appellant Pro Se.
 David A. Skidmore, Jr., David T. Croall, FROST & JACOBS LLP, Cincinnati, Ohio, for Defendant-Appellee/Cross-Appellant, and Defendant-Appellant.
 Before: MERRITT and CLAY, Circuit Judges; ALDRICH, District Judge*.
 OPINION
 MERRITT, Circuit Judge.
 
 
 1
 This appeal arises from the district court's grant of summary judgment against plaintiff Rebecca Duggins on her claim of retaliation for complaints regarding alleged sexual harassment and gender-based discrimination under Title VII of the Civil Rights Act of 1964 on the part of her former employer, Steak 'N Shake, Inc. In addition, Duggins appeals the district court's denial of her motion for leave to amend the complaint to include a claim for violation of the Fair Labor Standards Act. Finally, Steak'N Shake and Consolidated Products, Inc. cross-appeal the district court's failure to consider their motion for dismissal and for sanctions against plaintiff's former counsel Morganroth & Morganroth for allegedly allowing one of its agents, James R. Estep, to engage in the unauthorized practice of law. For the reasons discussed below, we REVERSE in part and AFFIRM in part the decision of the district court.
 
 
 2
 Plaintiff Rebecca Duggins and her daughter Julie were employees of Steak 'N Shake in Cincinnati, Ohio. Duggins was a manager-in-training and subsequently a manager, and worked at several different store locations during her tenure at Steak 'N Shake. Duggins alleges that her daughter, Julie Duggins, was rapedby another employee of Steak 'N Shake, Inc[1]. In addition, Duggins alleges that she was sexually propositioned and harassed by Tom Svec, another individual employed by Steak 'N Shake. Duggins complained to management about the alleged sexual harassment of both herself and her daughter. Duggins alleges that she was subsequently retaliated against for those complaints. She lists several possible retaliatory incidents, including being passed over for promised promotions, having a pay raise taken away from her, and being falsely reprimanded for alleged poor performance. Steak 'N Shake counters that she was the highest paid manager in the Ohio Division of the company, and that each of the individuals who received promotions over Duggins deserved those promotions. Duggins subsequently filed an EEOC charge. Duggins alleged further retaliation after the filing of her EEOC charge, primarily a transfer to another Steak 'N Shake location farther from her home after explicitly informing management that her newly-prescribed medication made driving long distances difficult. Finally, Duggins brought an action against Steak 'N Shake, Inc. and its parent company, Consolidated Products, Inc., alleging sex discrimination, disability discrimination, and retaliation. After voluntarily dismissing the sex and disability discrimination claims, the retaliation claim remained. Steak 'N Shake and Consolidated Products moved for summary judgment, and Duggins moved to amend the complaint to allow a claim for violation of the Fair Labor Standards Act. The district court denied Duggins's motion for leave to amend and granted the defendants' motion for summary judgment. The district court held that the defendants' motion for dismissal and for sanctions against plaintiff's counsel was moot in light of the court's summary judgment determination.
 
 I.
 
 3
 The primary issue on appeal is whether the district court erred in granting Steak 'N Shake and Consolidated Products' motion for summary judgment. First, the district court held that Duggins' EEOC charge did not allege retaliation. If an EEOC charge does not properly allege a retaliation claim, the court only has jurisdiction over retaliation arising as a result of filing the EEOC charge itself. Therefore, the court held that it could only properly consider allegations of retaliation arising after the date Duggins filed her EEOC charge, October 4, 1996. In addition, the court found that Duggins's affidavit submitted in opposition to summary judgment claimed an incident of retaliation after October 4, 1996, in the form of a transfer to a distant location in spite of Duggins's alleged inability to drive long distances. Second, the court found that the affidavit was contradictory to earlier deposition testimony, which gave non-retaliatory reasons for the transfer and reasons other than the transfer for plaintiff's decision to resign. To the extent that it was contradictory, the court held that the affidavit could not be admitted. The district court found that without the portion of the affidavit alleging the retaliatory transfer, no retaliation after October 4, 1996 was alleged, and therefore summary judgment was appropriate. The standard of review for summary judgment determinations is de novo review. Terry Barr Sales Agency, Inc. v. All-Lock Co., 96 F.3d 174, 178 (6th Cir. 1996).
 
 
 4
 First, this court must consider whether Duggins's EEOC charge alleged retaliation. The one-page EEOC charge explicitly alleged sexual discrimination and gender discrimination in violation of Title VII as well as violation of the Equal Pay Act. Steak 'N Shake and Consolidated Products' brief makes much of the fact that Duggins failed to check the box marked "retaliation" on the one-page form,and instead marked the boxes for "sex" and "other" as the types of discrimination charged. Defendants are correct that under normal circumstances the failure to check the appropriate box on an EEOC charge will deprive a court of jurisdiction to hear a claim. Defendants rely on the Ang v. Procter & Gamble line of cases from the 6th Circuit, which hold that a district court's jurisdiction is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Ang v. Procter & Gamble Co., 932 F.2d 540 (6th Cir. 1991) (holding that a race discrimination charge was precluded where plaintiff failed to check the appropriate box on the EEOC charge and failed to allege race discrimination in the factual statement); see also Sherman v. American Cyanamid Co., 996 F.Supp. 719 (N.D. Ohio 1998); Nichols v. General Motors Co., 978 F.Supp. 743 (S.D. Ohio 1997); Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner, 949 F.Supp. 13 (D.D.C. 1996).
 
 
 5
 The case before this court, however, presents a unique situation which was foreseen by the Ang court. As that court indicated, "[b]ecause Title VII is a remedial statute, many courts refuse to narrowly construe the charge where such a construction would preclude a plaintiff from bringing a claim." Ang, 932 F.2d at 546. The court went on to conclude that a broad reading of the charge is necessary where Title VII claimants are "unschooled in the technicalities of the law and proceed without counsel," and specifically noted that one reason Ang's claim failed was that he was "assisted by counsel in writing his charge." Ang, 932 F.2d at 546. In its pursuit of sanctions, Defendant Steak 'N Shake's counsel has repeatedly urged this court to consider the fact that Duggins was represented by an individual engaged in the unauthorized practice of law when she filed her EEOC charge. In fact, the evidence shows that Duggins talked only with James Estep, a non-lawyer, before filing her charge. Under these circumstances, the broader reading of the charge contemplated in the Ang decision is compelled. See Cameron v. Board of Educ. of the Hillsboro, Ohio, City School Dist., 795 F.Supp. 228, 234 (S.D. Ohio 1991) ("Where a claimant in a Title VII case does not have an attorney, courts are required to give a broad reading of the charge before the EEOC.")
 
 
 6
 Duggins's situation is different from the Ang decision on a second ground. In the recent Sixth Circuit decision Davis v. Sodexho, Judge Kennedy, writing for a panel of this court, held that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998). Judge Kennedy cited with approval a Sixth Circuit decision, Farmer v. ARA Services Inc., 660 F.2d 1096 (6th Cir. 1981), which held that female plaintiffs who alleged denial of fair representation by their union in an EEOC charge were not precluded from including an Equal Pay Act charge in their complaint. See Davis, 157 F.3d at 463-64. This decision is consistent with the spirit of Ang and its predecessor, EEOC v. Bailey Co., Inc., which held that a judicial complaint must be limited to "'the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination,'" not that the complaint must be tied to the four corners of the one-page form document under all circumstances. Ang, 932 F.2d at 545 (quoting EEOC v. Bailey Co., Inc., 563 F.2d 439, 446 (6th Cir. 1977)).
 
 
 7
 In this case, Duggins related facts to the EEOC which would have prompted an investigation into retaliation. In addition to filing her charge with the EEOC on October 4, 1996, Duggins filed an internal affidavit with the EEOC on that date. That affidavit clearly raised allegations of retaliation for complaining of both her daughter's alleged rape and her own alleged sexual harassment by Mr. Svec. The retaliationallegations included being passed over for promotions, not receiving a promised raise, and being singled out for reprimands and write-ups which were unwarranted. In addition, retaliation naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants Steak 'N Shake and Consolidated Products.
 
 
 8
 We emphasize that we are not speaking to the merits of this case, only to the issue of whether Duggins's retaliation claim can survive a summary judgment attack. Where the plaintiff alleged facts to the EEOC which clearly included retaliation allegations, even though those facts were relayed through an affidavit, and where that plaintiff was not represented by legal counsel in writing her one-page EEOC charge, such a plaintiff should not be precluded from bringing a retaliation claim in the complaint. As this court has noted, a lay complainant should not be precluded from bringing suit because of the "failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (quoting EEOC v. Bailey Co., Inc., 563 F.2d 439, 447 (6th Cir. 1977)). For these reasons, we hold that the district court erred in not considering evidence of retaliation occurring prior to October 4, 1996.
 
 
 9
 In addition to considering only the evidence concerning retaliation occurring after October 4, 1996, the district court further limited plaintiff's case by ruling that portions of an affidavit that conflicted with earlier deposition testimony were not admissible. The district court reasoned that Duggins's affidavit submitted in opposition to summary judgment stated that she resigned due to a transfer to a Steak'N Shake location more distant from her home. This testimony, according to the court, was in contradiction to previous deposition testimony during which Duggins listed six reasons for her resignation from Steak 'N Shake, but did not list the transfer among them. We believe that the affidavit and the deposition are not sufficiently contradictory to justify exclusion of the affidavit from evidence.
 
 
 10
 First, Duggins does not explicitly state in the affidavit that the transfer was the reason for her resignation. After listing several alleged retaliatory incidents in her affidavit, including the transfer, Duggins stated that "Zeller would continue to make life more miserable and that my career was destroyed, and that I had no alternative but to leave Steak 'N Shake." On its face, this statement includes all the previously discussed incidents, as well as the transfer, in Ms. Duggins's conclusion that Zeller would "continue" to make her life miserable. In that regard, the statement is not contradicting earlier testimony about her resignation as much as it is expounding upon the events leading up to it. As Duggins's counsel pointed out, this is not a wrongful discharge case, and therefore the plaintiff was not focusing on pointing out all the possible reasons for her resignation. Instead, she was focusing attention on her employer's conduct leading up to her resignation. For this reason, we hold that the affidavit submitted in opposition to summary judgment and the deposition are not sufficiently contradictory to justify exclusion of the affidavit.
 
 
 11
 For the foregoing reasons, the decision of the district court granting summary judgment in favor of Steak 'N Shake, Inc. and Consolidated Products, Inc., is REVERSED.
 
 II.
 
 12
 In addition to ruling on the issue of summary judgment, the district court denied plaintiff's motion for leave to amend the complaint to include violations of the Fair Labor Standards Act. We review the decision of the district court under an "abuse of discretion" standard of review. See LRL Properties v. Portage MetroHousing Authority, 55 F.3d 1097, 1104 (6th Cir. 1995). Plaintiff urges us to consider the fact that the complaint already alleged the underlying factual bases for an FLSA claim, and that therefore leave to amend should be granted under Foman v. Davis, 371 U.S. 178 (1962), which allows amendment under certain circumstances when the underlying factual basis of the complaint will support the amendment. Conversely, the defendants point out that nowhere in the complaint is the Fair Labor Standards Act mentioned and that there is no clear crystallization of a claim under that statute. In reaching its decision, the district court did not deny that the complaint might allege the underlying facts of an FLSA claim, but the court cited undue delay and undue prejudice to the opponent as the reasons for its denial of leave to amend. We do not consider the district court to have abused its discretion in making that determination.
 
 
 13
 The district court cited the Foman v. Davis standard in its opinion, noting that where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility. Foman v. Davis, 371 U.S. 178 (1962). In giving its reasons for denial of leave to amend, the district court stressed that both the discovery deadline and the dispositive motion deadline had passed. Pointing to this court's decision in Holland v. Metropolitan Life Ins. Co., 869 F.2d 1490 (6th Cir. 1989), the court noted that an increased burden is on the movant at this late stage in the litigation to show justification for the failure to move earlier. Additionally, the court noted that it would prejudice the defendants to be compelled to reopen discovery and would deprive the defendants of their anticipated "closure."
 
 
 14
 To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986). The Moore case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that "'delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced.'" Moore, 790 F.2d 557, 560 (quoting 3 Moore's Federal Practice, ¶ 15.08 at 15.76). At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree. Moore, 790 F.2d at 560 (citing with approval Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15 (1st Cir. 1979)). See also Campbell v. Emory Clinic, 166 F.3d 1157 (11th Cir. 1999); MacDraw, Inc. v. CIT Group Equip. Financing, Inc., 157 F.3d 956 (2d Cir. 1998); Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993); Averbach v. Rival Mfg. Co., 879 F.2d 1196 (3rd Cir. 1989).
 
 
 15
 In this case, the district court named both undue delay in missing deadlines and undue prejudice to the opponent in allowing amendment after the close of discovery in coming to its decision. The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint. Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none. Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the sex-based retaliation claim that was before the court. The district court did not abuse its discretion in denying leave to amend the complaint at such a late stage of the litigation.
 
 
 16
 For the foregoing reasons, the district's denial of leave to amend the complaint is AFFIRMED.
 
 III.
 
 17
 Finally, defendants Steak 'N Shake and Consolidated Products, Inc. cross-appeal for dismissal and for attorney's fees and sanctions against Duggins's previous counsel, Morganroth & Morganroth, based on the arguments that this litigation is the fruit of the unauthorized practice of law and that the Morganroth firm failed to properly control the acts of James Estep while he was acting as Morganroth's agent. The district court did not address the defendants' previous motion on this matter due to its determination that summary judgment was appropriate, which rendered the issue moot.
 
 
 18
 Defendants Steak 'N Shake and Consolidated Products allege that the Morganroth law firm hired James Estep, a non-lawyer, as an "investigator" to be in charge of several potential plaintiffs' claims against Steak 'N Shake. In essence, defendants argue that Estep solicited, created, and ran this lawsuit. Misconduct on behalf of Estep, it is argued, is attributable to Morganroth because of Estep's status as their agent. Steak 'N Shake alleges that Estep not only advised Duggins and other clients of their legal rights, but also attempted to negotiate with Steak 'N Shake for settlement of the claims, and helped file the complaints in these cases. Duggins testified in her deposition that it was Estep, not Morganroth attorneys, who discussed Title VII with her, and who probably explained the Equal Pay Act to her. Defendants allege that a disbarred attorney, Carl Leibowitz, was aiding Estep in these cases. In addition, defendants allege that the Morganroth firm had an arrangement with Estep to split any recovery in the Steak'NShake cases. Finally, Steak 'N Shake and Consolidated Products allege that Estep engaged in witness tampering. Mr. Estep is alleged to have identified himself as an attorney or as Morganroth's "local representation" to witnesses and defendants. In addition, he is alleged to have approached Svec, an individual defendant, with a bargain that would not only have dissolved the claim against Svec, but would also have placed Svec's counsel in a position as "local counsel" on the Morganroth team, if Svec would agree to testify favorably on behalf of Duggins.
 
 
 19
 Steak 'N Shake and Consolidated Products argue that because these actions constitute the unauthorized practice of law, the claim against them should have been dismissed as the fruit of the unauthorized practice of law. Whether or not the claim is dismissed, defendants argue that the ethical violations and the frivolous nature of the claims against them entitle them to attorney's fees and sanctions.
 
 
 20
 We believe that it would be undue prejudice against the plaintiff, and an unduly harsh result, to dismiss her claim against Steak 'N Shake because of the alleged misconduct of her EEOC representative, James Estep. For this reason, dismissal of plaintiff's claim is denied. Second, the claims in this case, while perhaps not handled in the most professional manner possible, do not appear to this court to be so frivolous as to warrant an award of attorney's fees in favor of defendant for being forced to defend against them. The request for attorney's fees is therefore denied.
 
 
 21
 This court recognizes that it is a violation of ethical obligations for an attorney to split fees with a non-attorney. See ABA Model Code of Professional Responsibility DR 3-103(A) (1980); Model Rules of Professional Conduct Rule 5.4(b) (1983). In addition, this court recognizes that the conduct in which James Estep engaged could lead reasonable minds to determine that he engaged in the unauthorized practice of law. See Cincinnati Bar Assn. v. Estep, 74 Ohio St.3d 172, 657 N.E.2d 499 (Ohio 1995) (holding James Estep engaged in the unauthorized practice of law when he prepared pleadings and other papers,managed actions and proceedings on behalf of clients, and gave advice to clients concerning legal matters). Finally, the fact that lawyers are responsible not only for their own misconduct but also for that of their employees is established in the ABA Model Code of Professional Responsibility, DR 1-102(A)(2) (1980).
 
 
 22
 This court does not believe that additional monetary sanctions against Morganroth & Morganroth are warranted at this time. The Morganroth firm is no longer representing plaintiff Duggins in this action, and therefore the firm was "sanctioned" by way of their lost investment in time and energy pursuing this complaint. Sanctions against the Morganroth firm for failure to supervise their agent would be premature at this time. Until any further misconduct on the part of Estep is proven, the Morganroth firm does not deserve sanctions for failing to supervise him.
 
 
 23
 For the foregoing reasons, this court REMANDS this cross-appeal to the district court with a recommendation that the district court refer James Estep to the Ohio Bar Association for allegations of engaging in the unauthorized practice of law, and with a further recommendation that the district court refer Morganroth & Morganroth to the Ohio Bar Association for allegations of splitting fees with a non-attorney and for allegations of failing to supervise an agent engaged in the unauthorized practice of law. Defendants' requests for attorney's fees and sanctions are DENIED.
 
 
 
 Notes:
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.
 
 
 [1]
 Julie Duggins's individual charge of sexual harassment was brought in a separate action against defendant Steak 'N Shake and is not a subject of this appeal.