**Donna WARD, Plaintiff–Appellant,**

v.

**HICKORY STEAK HOUSE,
et al., Defendants.**

Carmelo Ruta, Inc.; Yakup Maras;
Maria Maras, Defendants–
Appellees.

No. 02–4013.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before NORRIS, BATCHELDER, and
ROGERS, Circuit Judges.

## ORDER

Donna Ward, an Ohio citizen, appeals through counsel the final judgment in an employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and state employment discrimination law. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Ward filed this action against Hickory Steak House (Hickory), Carmelo Ruta, Inc. (Ruta), and Yakup and Maria Maras, alleging that she was discriminated against on the basis of her sex when she was discharged from her job as a bartender on June 29, 1999, because of her pregnancy. The parties agreed to submit the matter to a magistrate judge for final determination. A default judgment was entered against Yakup and Maria Maras. Ruta filed a motion for summary judgment, to which Ward responded. The magistrate judge granted the motion, concluding that Ward

had not exhausted her administrative remedies as to this defendant. The magistrate judge then scheduled a hearing on the default judgment to determine whether an employment relationship existed and what damages Ward had incurred. After the hearing, the magistrate judge concluded that Ward had not established that Yakup and Maria Maras were employers covered by Title VII, as she did not show that they had fifteen or more employees. 42 U.S.C. § 2000e(b). Therefore, Ward's motion for damages was denied.

Ward appeals both the summary judgment for Ruta and the denial of her motion for damages on the default judgment. She argues that she did identify Ruta as her employer in her EEOC filing, based on a letter to her from the EEOC identifying Ruta and Hickory as the respondents. She also argues that the district court erred in setting aside the default judgment, as she lacked any opportunity to submit evidence of an employment relationship. Ruta argues that the district court was correct in finding that Ward had not exhausted administrative remedies as to her claim against Ruta. Yakup and Maria Maras have not entered an appearance before the court, and mail addressed to them has been returned.

Upon careful consideration, we conclude that the summary judgment for Ruta must be affirmed, as there is no genuine issue of material fact, and Ruta was entitled to judgment as a matter of law. *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir.1995).

The record in this case shows that Ward was hired by Ruta as a bartender in November 1997. In January 1999, Ruta purchased the former Hickory Steak House property. Ruta's manager asked Ward if she would be interested in working at the new location, and Ward accepted the transfer. About the same time, Ward discovered her pregnancy and announced it at work. From January until May, Ward worked for Ruta at the Hickory Steak House. Sometime in May, she was introduced to Yakup and Maria Maras, and was told that they would be leasing the property from Ruta. Ward testified at her deposition that Maria Maras asked her if she would work for them when they reopened the restaurant under a new name, and she agreed. However, on June 29, 1999, Ward alleged that the kitchen manager told her on behalf of Yakup and Maria Maras that her employment was terminated because of her pregnancy. Ward alleges that she called Ruta's manager and told him what happened, and he told her she should get a lawyer. Ward also alleges that Ruta's manager told Yakup and Maria Maras that they could not fire Ward because she was pregnant, but they did not rescind her termination. Ruta subsequently rehired Ward at her former place of work.

■ Ward filed a discrimination charge with the EEOC which listed her employer as Hickory and complained of her June 1999 termination. Ward points to a letter she received from the EEOC concerning her charge, which listed the respondent as Carmelo Ruta, Inc./Hickory. However, the administrative charge she signed contained no reference to Ruta, and the EEOC ultimately dismissed the charge on the basis that Hickory had gone out of business. In her response to the motion for summary judgment, Ward also argued that her transfer to Hickory was an adverse action based on her pregnancy. Ward argues that a claim that the EEOC does investigate, or reasonably would investigate, based on the facts alleged in the charging document, even though the claim itself is not listed in the charge, can be a basis for a lawsuit. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832–33 (6th Cir.1999); *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998). However, in this case, the EEOC never investigated any claim against Ruta, or

any claim that Ward's transfer to Hickory was discriminatory, and neither Ruta nor the transfer were mentioned in the charging document. Nor would the allegations in the charging document reasonably lead to an investigation of Ruta or the transfer. Ward points to the letter from the EEOC as evidence that she intended to name Ruta as the respondent, because she was unclear of the ownership of Hickory at the time her employment was terminated. However, the charge she signed does not include Ruta. Ward's deposition testimony also showed that she believed she was employed by Yakup and Maria Maras at the time she was terminated, and that Ruta's manager told both her and Yakup and Maria Maras that terminating her employment based on pregnancy was illegal, and subsequently rehired her at her former work location, all indicating that Ruta was not her employer at the relevant time. Based on this record, the magistrate judge properly concluded that Ward had not exhausted administrative remedies against Ruta, and the summary judgment will therefore be affirmed.

Ward also argues that the magistrate judge erred in setting aside the default judgment against Yakup and Maria Maras, because she was not given an opportunity to present evidence that the defendants Maras were an employer covered by Title VII. However, the magistrate judge did not set aside the default judgment, but only denied Ward's motion for damages on that basis. Moreover, the order scheduling the hearing clearly stated that it was for the purpose of establishing an employment relationship as well as damages. Ward's reliance on *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992), is misplaced because that case held that, once a court has determined damages and entered default judgment, finality is favored and a default is more likely to be upheld. In this case, damages had not been determined, and the default judgment was not set aside; only the motion for damages was denied. Moreover, Ward has not argued that she has any evidence that the defendants Maras employed enough people to be covered by Title VII. For all of the above reasons, the judgment below is affirmed in its entirety.