**Timmy R. REAGAN, Plaintiff–Appellant,**

v.

**Kelly HULL, Former Sheriff; Julie Whorley, Former Nurse; Donnie Mathenie, Former Jail Administrator; Michael Cox, M.D.; Overton County, Tennessee, Defendants–Appellees.**

No. 03–5959.

United States Court of Appeals, Sixth Circuit.

June 3, 2004.

Timmy R. Reagan, Tiptonville, TN, pro se.

Jeffrey M. Beemer, Stewart, Estes & Donnell, Nashville, TN, Daryl A. Colson, Livingston, TN, for Defendants–Appellees.

Before KEITH and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

## ORDER

Timmy R. Reagan, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his post-judgment petition to amend his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 31, 2003, Reagan filed a complaint against Kelly Hull, former sheriff of Overton County, Tennessee; Donnie Mathenie, former administrator of the Overton County Jail (OCJ); and Julie Whorley, a nurse employed at the OCJ. Reagan alleged that on January 16, 2000, he was seriously injured in an automobile accident and hospitalized for treatment and rehabilitation. Reagan alleged that on March 30, 2000, during his hospitalization, he was arrested and transported to the OCJ. Relying upon the Eighth Amend-ment, Reagan alleged that he was denied adequate medical care and treatment during his incarceration in the OCJ and that the defendants "were negligent and reck-less in the care of the Plaintiff and thus causing the Plaintiff extreme pain and suf-fering." Reagan sought monetary relief only.

The district court granted Reagan's mo-tion to proceed in forma pauperis and sum-marily dismissed his complaint on April 2, 2003, for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Reagan did not file a notice of appeal. Instead, on May 19, 2003, Reagan filed an "Amended Petition," to add Michael Cox, M.D., and Overton County, Tennessee, as defendants. The district court dismissed Reagan's amended petition on June 16, 2003. Reagan filed a notice of appeal on July 14, 2003.

This court dismissed Reagan's appeal from the district court's April 2, 2003 or-der dismissing his complaint because it was untimely. However, Reagan's timely appeal from the district court's June 16, 2003, order was allowed to proceed.

We review the district court's disposition of an amended complaint for an abuse of discretion. See Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 833–34 (6th Cir.1999); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir.1995). An abuse of discretion has been defined as "a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Day-ton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989).

Upon review, we conclude that the dis-trict court properly dismissed Reagan's amended petition. Section 1915(e) re-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co-lumbia, sitting by designation.

quires district courts to screen cases at the moment of filing and to sua sponte dismiss those that fail to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). If a complaint satisfies the criteria set forth in § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it. *McGore,* 114 F.3d at 612; *accord* 28 U.S.C. § 1915(e)(2)(B). The district court reviewed Reagan's complaint and determined that it failed to state a claim upon which relief may be granted. Since Reagan's complaint failed to state a claim for relief at the moment of filing, the dismissal of the complaint prior to amendment was appropriate. *See McGore,* 114 F.3d at 612; *accord* 28 U.S.C. § 1915(e)(2)(B).

Even if Reagan's amended petition had been treated as a Fed.R.Civ.P. 60(b) motion for relief from judgment, as he contends that it should have been, it was properly dismissed by the district court. Reagan's amended petition did not allege the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.