**Erineo CANO, Plaintiff,**

v.

**Dora B. SCHRIRO; Lee Holliday; Patricia Stapler, Defendants.**

**No. CV 04–1340–PHX–ROS.**

United States District Court,
D. Arizona.

May 31, 2006.

---

Erineo Cano, Florence, AZ, pro se.

Kelley Joan Morrissey, Office of the Attorney General, Liability Management Section, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

Pending before the Court is Magistrate Judge Mark E. Aspey's Report and Recommendation (R & R) (Doc. 145) filed on February 22, 2006, regarding Plaintiff Erineo Cano's Motion to File Amended Complaint. (Doc. 139) Judge Aspey recommends that the Court deny Plaintiff's motion. For the reasons stated below, the Court will adopt the R & R in part, reject in part, and deny Plaintiff's Motion.

### I. BACKGROUND

The undisputed timeline of this case, which includes the Court's scheduling order and the dates of importance to this motion, is set out in the R & R. (*See* Doc. 145) It is important to note specifically that the Court's scheduling order of March 25, 2005 (Doc. 55) allowed Plaintiff to amend his complaint until September 30, 2005, and that Plaintiff did not file his Motion to File Amended Complaint until January 30, 2006, 4 months after the deadline had passed. (Doc. 139)

Plaintiff's Motion to File Amended Complaint did not include his proposed amendments. (*See* Doc. 139) The first paragraph of Plaintiff's motion requests leave to file an amended complaint by adding both an Americans with Disabilities Act claim and additional defendants. (Doc. 139) In support of his motion, Plaintiff states that "[e]vents [and] violations have occurred since plaintiff filed the original and first amended complaints." (Doc. 139) It is unclear what those events and violations are, but Plaintiff appears to be referring to allegations regarding prison officials failing to disclose potential defendants, failing to allow him access to mail, and failing to allow him access to legal supplies and books. (*See e.g.* Doc. 139, Doc. 159) The second paragraph adds that Plaintiff intends to amend his complaint to have the case certified as a class action pursuant to Federal Rule of Civil Procedure 23. (Doc. 139) The remainder of the motion consists of Plaintiff advising the Court of various problems Plaintiff is experiencing with his mail and with receiving visitors. (Doc. 139) Plaintiff appears to request relief beyond allowing

him to amend his complaint, but the Court is unable to determine the precise relief requested, and will not consider that request.

## II. ANALYSIS

### A. The Magistrate Judge's R & R

Regarding each amendment Plaintiff desired to make to his complaint, the Magistrate Judge applied Federal Rule of Civil Procedure 15(a), which states that, after a responsive pleading is served, a party may amend a pleading only when given leave by the court, but requires that such leave "shall be freely given when justice so requires." Based on this standard, the Magistrate Judge concluded that Plaintiff's motion should be denied because of the potential prejudice to the opposing party and, in the case of the class action certification amendment, the futility of allowing the amendment. (Doc. 145)

Plaintiff objects to the Magistrate Judge's recommendations because they are "erroneous and contrary to law," and because they are "patently unfair and biased in favor of the defendants."

### B. Legal Analysis

 The standard used by the Magistrate Judge in denying the motion is incorrect. Although Rule 15(a) sets the standard for determining when to allow a motion to amend a pleading, Rule 16(b) requires that when a scheduling order must be modified, "good cause" be shown. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. If the party seeking to amend were unable to comply with the deadline despite that party's diligence, the Court may modify the schedule. *Id.* The inquiry ends, however, if the party seeking the amendment has not shown diligence. *Id.* The existence of prejudice to the opposing party might "supply additional reasons to deny a motion." *Id.*

 Plaintiff has failed to show diligence in attempting to comply with the scheduling order. The Court originally gave the defendant until March 25, 2005 to amend his complaint. (*See* Doc. 17) Subsequently, the Court extended Plaintiff's time to amend his complaint until September 30, 2005, giving him an additional six months. (*See* Doc. 55) Plaintiff missed this final deadline by 4 months. Neither in his motion to amend of January 30, nor in any communications to the Court prior to the September 30 deadline, did Plaintiff demonstrate any evidence showing he was diligent in attempting to meet the scheduling order. Vague "[e]vents and violations" are not enough to show diligence, or establish good cause. Additionally, the Court agrees with the Magistrate's finding that "allowing a new cause of action, with different elements of liability after Defendants have completed discovery and filed a motion for judgment as a matter of law with regard to the original cause of action would be prejudicial to the defense." (Doc. 145) Accordingly, the Court agrees with the Magistrate that Plaintiff should not be granted leave to file an amended complaint.

## III. CONCLUSION

Because no evidence of diligence was presented to the Court, either in Plaintiff's motion to amend, or in his communications with the Court prior to the passing of the deadline, Plaintiff has failed to show good cause to amend his complaint. In addition, the prejudice to the opposing party provides the Court an additional reason to deny a motion to amend at this late date. Plaintiff's violation of Local Rule 15. 1, in failing to include a copy of the proposed amended pleading, does not alter the outcome of this ruling, since Plaintiff has failed to show good cause, and the motion must be denied regardless of the contents of the proposed amendment.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Aspey's Report & Recommendation (Doc. 145) to deny Plaintiff's Motion to Amend Complaint is **ADOPTED, IN PART, and REJECTED, IN PART,** as set forth in this

order and that the Plaintiff's Motion to Amend Complaint (Doc. 139) is **DENIED.**

## REPORT AND RECOMMENDATION

ASPEY,United States Magistrate Judge.

TO THE HONORABLE ROSLYN O. SILVER:

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation, are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

Before the Court is Plaintiff's motion for leave to amend his complaint (Docket No. 139).

Pursuant to a scheduling order issued by the Court on March 25, 2005, Plaintiff was allowed until September 30, 2005, to amend his complaint. *See* Docket No. 55. On January 30, 2006, the Court docketed Plaintiff's motion to amend his complaint. Docket No. 139. Defendants opposed Plaintiff's first motion to amend his complaint. *See* Docket No. 142.

## Background

Plaintiff, presently incarcerated in the Arizona State Prison in Florence, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 28, 2004, and filed an amended complaint on August 11, 2004. Docket No. 9. Plaintiff has been deemed an abusive litigant, who is prohibited from filing *in forma pauperis* section 1983 complaints absent a showing of "imminent danger of serious physical injury." Docket No. 12.

On September 16, 2004, the Court ordered Defendants to respond to Plaintiff's allegation that Defendants violated Plaintiff's Eighth Amendment rights because Defendants did not provide Plaintiff with adequate medical treatment for his hepatitis C. *See* Docket No. 12. The parties entered into discovery and Plaintiff was deposed. The date for completing discovery has expired, and the deadline for filing dispositive motions was January 30, 2006. *See* Docket No. 128.

On January 30, 2006, Defendants filed a motion for summary judgment; Plaintiff's response to the motion is due March 2, 2006.

Plaintiff did not lodge a proposed amended complaint. Plaintiff seeks to amend his complaint to allege "violations of the Americans with Disabilities Act (ADA)" and to add defendants. Docket No. 139 Plaintiff also seeks leave to amend to assert further factual allegations with regard to events which have occurred since he filed his first amended complaint, and Plaintiff further seeks to "have this case certified as a class action." *Id.*

## Analysis

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. *See, e.g., United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 17, 5 L.Ed.2d 8 (1960); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). "Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to pro se litigants." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir.1987) (internal citations and quotations omitted).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. *See Schlachter–Jones v. General Tele.,* 936 F.2d 435, 443–44 (9th Cir.1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 443 (internal quotations omitted). The Court would eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is

immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp.2005).

Plaintiff's motion to amend should be denied because it would not facilitate a decision in this matter on the merits and because it would cause undue delay and prejudice to Defendants. Plaintiff states no basis on which the Court could properly find that his claim would provide a basis for a class action suit and, therefore, this amendment would be futile. Plaintiff's failure to previously amend his complaint constitutes undue delay and, given Plaintiff's status as a vexatious litigant, may be construed as exhibiting a dilatory motive.

The motion to amend should be denied with respect to addition of an ADA claim because Plaintiff should not be allowed to amend the complaint to state a separate cause of action with different elements of liability after Defendants have completed discovery and filed a motion for judgment as a matter of law with regard to the original cause of action.

Defendants would be unduly prejudiced should Plaintiff be allowed to amend his complaint at this late date to add a claim or to add defendants. Additionally, the Court's discretion should not be exercised to allow Plaintiff to add new factual allegations to his complaint which would, in effect, alter his claim for relief. *Cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (upholding denial of leave to amend where the District Court cited the plaintiff's undue delay in missing the deadline to amend the complaint and undue prejudice to the defendant where the plaintiff sought amendment after the close of discovery); *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir.1997) (stating that "a motion to amend may be denied when it has been unduly delayed and when

allowing the motion would prejudice the non-movant").

**Conclusion**

Allowing Plaintiff to add an additional cause of action to this suit at this time in these proceedings, which would require further discovery, prejudice newly added defendants, and delay the proceedings, is not in the interests of justice in this matter. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002).

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 139) be **denied.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), *cert. denied*, 540 U.S. 900, 124 S.Ct. 238, 157 L.Ed.2d 182 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Feb. 15, 2006.