Hobert Freel TACKETT,
et al., Plaintiffs,

v.

M & G POLYMERS USA, LLC,
et al., Defendants.

Case No. 2:07–CV–126.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 5, 2010.

David Marvin Cook, Jennie Gayle Arnold, Cook, Portune & Logothetis, Cincinnati, OH, Duane F. Ice, John G. Adam, Renate Klass, Stuart M. Israel, Martens, Ice, Klass, Legghio & Israel, PC, Royal Oak, MI, for Plaintiffs.

Mark A. Knueve, Thomas Howard Fusonie, Vorys Sater Seymour & Pease, Columbus, OH, Christopher A. Weals, Morgan, Lewis & Bockius LLP, Washington, DC, Deborah S. Davidson, John R. Richards, Jr., Philip A. Miscimarra, Morgan, Lewis & Bockius LLP, Chicago, IL, for Defendants.

## OPINION AND ORDER

NORAH McCANN KING, United States Magistrate Judge.

This matter is before the Court for consideration of Defendants' *Motion for Leave to Amend Their Answer,* Doc. No. 111. For the reasons that follow, the motion is denied.

## I.

Plaintiffs, Hobert Freel Tackett, Woodrow W. Pyles, and Harlan B. Conley, together with their spouses, surviving spouses and other dependents and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO/CLC ["Plaintiffs"], bring this case as a class action[1] against the following Defendants: M & G Polymers USA, LLC ["M & G"]; the M & G Comprehensive Medical Benefits Program; the M & G Catastrophic Medical Plan; the M & G Necessity Benefits Program of Hospital, Surgical, Medical and Prescription Drug Benefits; and the M & G Major Medical Benefits Plan. The individually named Plaintiffs are retired former employees of M & G and/or its predecessor companies, including the Shell Oil Company and the Goodyear Tire & Rubber Company. Plaintiffs worked at the Point Pleasant Polyester Plant in Apple Grove, West Virginia. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiffs assert a violation of Section 301 of the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185(a), in connection with Defendants' alleged promise to pay retiree health care benefits. In Count I of the *Amended Complaint,* Doc. No. 14, Plaintiffs claim that "retiree health care benefits were promised by collective bargaining agreements . . . between Class Members' employers and their Union." *Am. Complaint,* Doc. No. 14, at ¶ 27. According to Plaintiffs, they are entitled to receive "specified lifetime health care benefits." *Id.* Plaintiffs claim that M & G's "announcement that it is shifting costs to Class Members and defendants' actions modifying and terminating Class Members' retiree health care benefits . . ."

amounts to a violation of § 301 of the LMRA. *Id.* at ¶¶ 27–28.

In the *Amended Complaint,* Plaintiffs also allege violations of §§ 501(a)(1) and 502(a)(3) of the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1132(a)(1), (3). Only Plaintiffs' § 501(a)(1) claim remains pending, as the United States Court of Appeals affirmed the Court's earlier dismissal of the § 502(a)(3) claim. *See Tackett v. M & G Polymers USA, LLC,* 561 F.3d 478 (6th Cir.2009), filed as Doc. No. 68.

Defendants filed their *Answer* to the *Amended Complaint* on June 4, 2009. Doc. No. 76. Defendants did not plead the statute of limitations as an affirmative defense to Plaintiffs' LMRA and ERISA claims. Defendants now move, pursuant to Fed.R.Civ.P. 15(a), to amend their *Answer,* adding the statute of limitations as an affirmative defense. Plaintiffs oppose the motion.

## II.

■ Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court considers the following factors in determining whether to grant a motion to amend.

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are

---

1. Pursuant to the Court's December 23, 2009 *Order,* Doc. No. 103, a Plaintiff class and five subclasses have been certified under Fed. R.Civ.P. 23.

critical factors in determining whether an amendment should be granted. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir.1989), quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973).

With this standard in mind, the Court now addresses the merits of Defendants' proposed amendment to their *Answer*.

### III.

Defendants move to amend their *Answer* to add the affirmative defense of statute of limitations in response to Plaintiffs' LMRA and ERISA claims. According to Defendants, the defense was not included in the *Answer* because Defendants "did not believe that a potential statute of limitations affirmative defense was reasonably available to them because [Defendants] viewed the 15–year statute as beginning to run [at the earliest] on April 22, 2004...." *Defendants' Motion for Leave to Amend*, Doc. No. 111, at 2.

██ As Defendants observe, the statute of limitations applicable to Plaintiffs' LMRA and ERISA claims is determined by reference to state law. *See Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Wrkrs. Union*, 357 F.3d 546, 552 (6th Cir.2004) (LMRA); *Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 194–95 (6th Cir.1992) (ERISA). In this case, the applicable statute of limitations is fifteen years, pursuant to O.R.C. § 2305.06. Although state law governs the length of the statute of limitations, however, federal law governs the issue of when the statute begins to run. *See Mich. United Food & Comm. Workers Unions & Drug Employees v. Muir Co.*, 992 F.2d 594, 598 (6th Cir.1993). As the Sixth Circuit has observed, "the limitations clock starts ticking 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Win-*

*nett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir.2010), quoting *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994). More specifically, in the context of a case such as the one at bar, *i.e.*, a claim for "refusal to honor a promise of free, unalterable lifetime healthcare benefits ... the clock starts when the breach becomes 'clear and unequivocal.'" *Id.* at 409, quoting *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir.2006).

As stated above, Defendants initially believed that the statute of limitations began to run on April 22, 2004. It was on that date that M & G announced the implementation of "Letter of Understanding 2003–6 (which provided that M & G would begin collecting above-cap health insurance contributions from all M & G retirees) to the Union part of the company's last, best and final offer in bargaining for the new CBA...." *Motion for Leave to Amend*, Doc. No. 111, at 2. In light of the Sixth Circuit's decision earlier this year in *Winnett v. Caterpillar, Inc., supra*, Defendants later concluded that "plaintiffs' claims may have accrued on May 15, 1991, "when (I) the company and the Union signed the first (of several) 'cap' agreement[s] to provide for employer cost caps and future retiree above-cap contributions; and (ii) the Summary Plan Description notified participants of the caps and future above-cap contributions." *Id.* at 3. Thus, Defendants seek leave to add the statute of limitations as a defense in this case.

Plaintiffs argue, *inter alia*, that the motion has been unduly delayed. In this regard, Plaintiffs specifically note that the 1991 documents to which Defendants refer have been in Defendants' possession for some time. In addition, Plaintiffs take issue with Defendants' assertion that *Winnett* announced a new legal standard with respect to the statute of limitations.

■ The Court agrees with Plaintiffs that *Winnett* did not establish a new standard for calculating when the statute of limitations begins to run; rather, the Court in *Winnett* merely applied well-established law to a challenge to the denial of payment of lifetime health benefits. Because Defendants' motion is not based on either new law or newly discovered evidence, the Court concludes that the motion for leave to amend has been unreasonably delayed.

It is true that delay alone will not foreclose the possibility of amendment; prejudice to the opposing party must also be considered. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999). Plaintiffs argue that to permit Defendants to assert an entirely new defense at this late stage would be to subject them to unreasonable prejudice. Specifically, Plaintiffs argue that the proposed amendment will necessitate further discovery surrounding the 1991 documents.

With a very few exceptions, discovery in this case closed on September 1, 2010. *See Order*, Doc. No. 120. Dispositive motions are currently due no later than November 1, 2010. *Scheduling Order*, Doc. No. 91. Although Defendants argue that certain discovery requests by Plaintiffs "plainly encompass documents and information related to Defendants' proposed affirmative defense,.." *Defendants' Reply Memorandum*, Doc. No. 121, at 8, the Court concludes that the assertion of Defendants' proposed new defense would require some discovery on at least the issue of when Plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, the facts underlying their claims. Because the discovery completion date has passed, however, the opportunity for that discovery is now foreclosed to Plaintiffs. To grant Defendants' motion would unreasonably prejudice Plaintiffs. Under these circumstances, the Court con-

cludes that its discretion is better exercised in denying the motion for leave to amend.

## IV.

**WHEREUPON** the Court concludes that Defendants' *Motion for Leave to Amend,* **Doc. No. 111,** is without merit and it is therefore **DENIED.**